[No. 1075-3. Division Three. January 15, 1975.]

HARRY FREEDMAN, *Appellant*, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*Norman R. McNulty, Jr.*, of *Spokane County Legal Services*, for appellant.

*Slade Gorton, Attorney General*, and *Scott C. Neilson, Assistant*, for respondent.

MUNSON, J.—Plaintiff appeals from a judgment in favor of the defendant, Washington State Department of Social

and Health Services (hereinafter DSHS) denying his eligibility to receive financial assistance under the Federal Aid and Medical Care Only (FAMCO) program.

On May 2, 1973, petitioner applied for medical aid in the amount of $240 under the FAMCO program. The local office of DSHS denied his application because he possessed a travel trailer, which placed him outside the eligibility formula. Pursuant to RCW 74.08.070-.080, he requested a departmental hearing; the examiner concluded his claim was properly denied because he possessed a nonexempt item of personal property, the trailer, valued at approximately $300. The Superior Court affirmed that decision.

Plaintiff is an unassigned, unpaid, ordained minister, disabled by spinal arthritis, whose family consists of himself, his wife, and three children. His monthly income is derived from three disability pensions. He voluntarily occupies a lay position as extension superintendent of his church. In 1964, while employed in the teaching profession, he acquired a travel trailer. He lived in it while attending college for three quarters, has used the trailer while attending an annual 2-week Bible camp, as a study adjacent to his home, and once took it on a vacation to the Olympic Peninsula where he counseled some people in a religious context.

Standards for judicial review of administrative decisions in contested cases are contained in the administrative procedure act, codified in RCW 34.04. The pertinent provision here is RCW 34.04.130(6);[1] plaintiff's assignments of error

---

[1] "(6) The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

"(a) in violation of constitutional provisions; or

"(b) in excess of the statutory authority or jurisdiction of the agency; or

"(c) made upon unlawful procedure; or

"(d) affected by other error of law; or

"(e) clearly erroneous in view of the entire record as submitted and the public policy contained in the act of the legislature authorizing the decision or order; or

"(f) arbitrary or capricious."

relate principally to subsections (a), (b), (d) and (f).

■ The plaintiff's first contention is that the departmental ruling is in violation of his First Amendment rights under the United States Constitution and article 1, section 11, amendment 34 of the Constitution of the State of Washington; the latter provides in part:

> Absolute freedom of conscience in all matters of religious sentiment, belief and worship, shall be guaranteed to every individual, and no one shall be molested or disturbed in person or property on account of religion;
>
> . . .

We disagree.

Petitioner's use of this trailer for religious purposes is so sporadic and fortuitous we conclude that the action of the DSHS does not constitute an infringement of these constitutional guaranties. He retains an absolute freedom of conscience in all matters of religious sentiment, belief and worship. The department's act does not disturb him or his property in his religious beliefs, or because of his religion.

Plaintiff next claims that the regulations promulgated by the department, WAC 388-28-430(1) and (2)[2] are unconsti-

---

[2]"PERSONAL PROPERTY EXEMPTIONS—CEILING VALUES. (1) Personal property without ceiling value. The following personal property is an exempt resource. There is no ceiling value on such property.

"(a) Used and useful household furnishings and personal clothing. Household furnishings and personal clothing which are in storage shall be presumed to be not used and useful, but all other household furnishings and personal clothing shall be presumed to be used and useful and both presumptions stand in the absence of evidence to the contrary.

"(b) Personal property of 'great sentimental value' may be exempted when the applicant establishes the circumstances and conditions which give it this value. When the intrinsic value is relatively high (stamp or coin collections, etc.) there may be need to review it carefully.

"(c) Livestock or any other similar property owned by a child for the sole purpose of participating in an organized group or school activity, such as 4-H Club or FFA, shall be exempt, providing any net profit derived from the use of such property is reserved for future educational purposes. .

"(d) Other personal property, such as tools, farm machinery, livestock, business equipment, which is used by the applicant to reduce his

tutional, as to him, because they impede the observance of his religious activities, beliefs or duties. We disagree. Our review of the record convinces us that plaintiff's contention, based upon the evidence he introduced, is not well taken.

■ The issue of the constitutionality of these regulations was not raised below. Finding of fact No. 10, which is not assigned as error, states:

> At the Fair Hearing, the parties stipulated that the only issue to be considered was whether the travel trailer is a non-exempt resource as contended by the Department under WAC 388-28-430 (1).

Nor is error assigned to the court's conclusion of law that DSHS correctly determined this trailer not to be within the exemptions set forth in WAC 388-28-430 (1). Paragraph (2) was not considered below; the issue was limited by the stipulation. As a general rule, "objections or questions which have not been raised or urged in the proceedings before the administrative agency or body will not be considered by the court on review of the order or such agency or body" is applicable here. *Leschi Improvement Council v. State Highway Comm'n*, 84 Wn.2d 271, 274, 525 P.2d 774 (1974). The exceptions to that rule as set forth in *Maynard Inv. Co. v. McCann*, 77 Wn.2d 616, 621, 465 P.2d 657 (1970)[3]

need for assistance or to rehabilitate himself, and which produces an appreciable return in cash or kind, but which is not a fully competitive enterprise and does not require hiring help can be declared an exempt resource by the local office on the basis of an agreed plan.

"(e) One cemetery plot for each member of an assistance household is exempt personal property. Any additional plots are non-exempt.

"(2) Exempt personal property with ceiling value. Property holdings in the form of cash and marketable securities, life insurance, and used and useful automobiles are exempt resources to the extent that the values of such items are within the maxima or 'ceiling' values specified in the following paragraph:

". . ."

[3]Exception to the general rule may be considered:

(1) Where the facts are before the appellate court *and* the "justice of the case" requires determination.

(2) Questions which affect the right to maintain an action.

(3) Facts evident which make a contract appear to be illegal.

602

and *Puget Sound Marina, Inc. v. Jorgensen*, 3 Wn. App. 476, 480-81, 475 P.2d 919 (1970), are not applicable.

██ Petitioner next claims that WAC 388-28-430(1) and (2) are inconsistent with the statutory authorization of RCW 74.04.005(11).[4] Admittedly, this contention was not

(4) On reversal, when decisive questions, not technically before the court, will arise on new trial.

(5) When the matter affects the public interest. *Maynard Inv. Co. v. McCann*, 77 Wn.2d 616, 621, 465 P.2d 657 (1970).

[4] "(11) 'Resource'—Any asset, tangible or intangible, owned by or available to the applicant at the time of application, which can be applied toward meeting the applicant's need, either directly or by conversion into money or its equivalent: *Provided,* That an applicant may retain the following described resources and not be ineligible for public assistance because of such resources.

"(a) A home, which is defined as real property owned and used by an applicant or recipient as a place of residence, together with a reasonable amount of property surrounding and contiguous thereto, which is used by and useful to the applicant. Whenever a recipient shall cease to use such property for residential purposes, either for himself or his dependents, the property shall be considered as income which can be made available to meet need, and if the recipient or his dependents absent themselves from the home for a period of ninety consecutive days such absence, unless due to hospitalization or health reasons, shall raise a presumption of abandonment: *Provided,* That if in the opinion of three physicians the recipient will be unable to return to the home during his lifetime, and the home is not occupied by a spouse or dependent children or disabled sons or daughters, such property shall be considered as income which can be made available to meet need.

"(b) Household furnishings and personal clothing used and useful to the person.

"(c) Automobile(s) used and useful.

"(d) Cash of not to exceed two hundred dollars for a single person or four hundred dollars for a family unit of two, or marketable securities of such value. This maximum shall be increased by twenty-five dollars for each additional member of the family unit.

"(e) Life insurance having a cash surrender value.

"(f) Other personal property and belongings which are used and useful or which have great sentimental value to the applicant or recipient.

"Whenever such person ceases to make use of any of the property specified in items (b), (c), and (f) of this section, the same shall be considered as income available to meet need: *Provided,* That the department may by rule and regulation exempt such personal property

made, argued or ruled upon below. This assignment need not be considered. *Snohomish County Builders Ass'n v. Snohomish Health Dist.*, 8 Wn. App. 589, 593, 508 P.2d 617 (1973).

Lastly, plaintiff contends that the decision of the hearing examiner is arbitrary and capricious. We disagree. It is the insufficiency of plaintiff's evidence which caused the examiner to reach the result he did. The issue was restricted by stipulation to an interpretation of that portion of WAC 388-28-430(1) allowing an exemption for "personal property of 'great sentimental value.'" Such property may be exempted when the "applicant establishes the circumstances and conditions which give it this value." In the absence of a history of emotional attachment of sufficient magnitude to convince the trier of fact that sentimental value was shown, it will not be inferred. We find no error.

Judgment is affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Petition for rehearing denied February 24, 1975.

---

and belongings which can be used by the applicant or recipient to decrease his need for public assistance or aid in rehabilitating him or his dependents.

"(g) The department shall by rule and regulation fix the ceiling value for the individual or family unit for all property and belongings as defined in items (c), (d) and (e) of this section. In establishing such ceiling, the department shall establish a sliding scale based upon the family size. If an applicant for or recipient of public assistance possesses property and belongings in excess of the ceiling value, such value shall be used in determining the need of the applicant or recipient: *Provided,* That in the determination of need of applicants for or recipients of general assistance no resources or income shall be considered as exempt per se, but the department may by rule and regulation adopt standards which will permit the exemption of the home and personal property and belongings from consideration as an available resource or income when such resources or income are determined to be necessary to the applicant's or recipient's restoration to independence."